IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL, et al, ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 06-0626-KD-B |
| ) | |
| THE CITY OF DAPHNE, et al, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on plaintiffs' motion to proceed without prepayment of fees in order to proceed *in forma pauperis* on appeal and plaintiffs' "notice" to proceed without prepayment of fees on appeal. (Docs. 10, 13). [1]

A. <u>Procedural history</u>

Plaintiffs filed their complaint and first motion for leave to proceed without prepayment of fees on October 4, 2006. (Docs. 1, 2). On October 6, 2006, Magistrate Judge Sonja F. Bivins entered an order denying plaintiffs' first motion and instructing them to file an appropriate *in forma pauperis* form and affidavit or pay the filing fee by October 26, 2006. (Doc. 3). On October 16, 2006, plaintiffs filed the appropriate form and affidavit and on October 19, 2006, Magistrate Judge Bivins entered an order denying the motion and instructing the plaintiffs to pay the filing fee on or before November 20, 2006. (Docs. 4, 5). On October 20, 2006, plaintiffs filed an appeal of Magistrate Judge Bivins' decision and on November 3, 2006, this court

---

[1] Plaintiffs rely upon 28 U.S.C. § 1915(b)(4) as support for their "notice" (doc. 13, p. 7). However, that code section does not apply to plaintiffs because it applies to prisoners who have "no assets and no means by which to pay the initial partial filing fee." <u>Id</u>. Plaintiffs affidavit indicates that they do have assets and income.

entered an order denying the appeal and affirming the decision of Magistrate Judge Bivins. (Docs. 6, 7).

On November 11, 2006, plaintiffs filed their notice of interlocutory appeal as to this court's order of November 3, 2006. (Doc. 8). [2] On November 20, 2006, plaintiffs filed their motion for leave to proceed without prepayment of fees on appeal and on December 6, 2006, filed their second motion entitled "Notice to proceed without prepayment of fees on appeal with affidavit." (Docs. 10, 13).

B.      Analysis

In general, "[t]o proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous." *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see also* Rule 24 of the Federal Rules of Appellate Procedure.[3] After thorough review of plaintiffs' motions and all relevant portions of the court file, the undersigned finds that plaintiffs cannot satisfy the requirement that their appeal is not frivolous and thus, they

---

[2] Plaintiffs also filed a motion for reconsideration of this order. (Doc. 9). Although plaintiffs raise conclusory arguments that the undersigned's decision to affirm Magistrate Judge Bivins' order was arbitrary and erroneous and an abuse of discretion, the plaintiffs have not presented any evidence of an intervening change in the controlling law, any evidence that new evidence has been discovered since this court's prior order was entered, or any evidence that the decision to affirm was clearly erroneous or manifestly unjust. Gougler v. Sirius Products, Inc., 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted).  For the foregoing reasons, the motion for reconsideration (doc. 9) is **DENIED.**

[3] Rule 24(a), Federal Rules of Appellate Procedure, provides in pertinent part that "(1)... [a] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court...[and] attach an affidavit that: (A) shows...the party's inability to pay or give security for the fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Id.  Section (a)(2) entitled "Action on the Motion", states that if "the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2).

are not entitled to for *in forma pauperis* status on appeal.

The law is clear that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

Plaintiffs have filed an interlocutory appeal. Final judgment has not been entered in regard to any of their claims. Facially, the order of November 3, 2006 is not final and appealable. Plaintiffs have not requested certification under Rule 54(b), Fed.R.Civ.P. nor would such a certification be appropriate in any event. Plaintiffs have not identified, and the Court is unaware of, any colorable basis for the exercise of appellate jurisdiction at this time. *See U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) ("If a party seeks to appeal a district

court order that does not constitute a 'final decision' under § 1291 (and does not fall within an exception to the final judgment rule), we must dismiss the case for lack of appellate jurisdiction."); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265 (11th Cir. 1999) ("Absent the application of some exception, this court only has appellate jurisdiction to hear appeals from 'final decisions' rendered by district courts."); 28 U.S.C. §§ 1291, 1292.

Since it is apparent that appellate jurisdiction is lacking over this interlocutory matter, the undersigned concludes that plaintiffs' appeal of the November 3, 2006 order is without arguable merit as a matter of law. Therefore, the court finds that plaintiffs' appeal is frivolous and that it is not taken in good faith.

C.     Conclusion

Because this court has certified that plaintiffs' appeal is frivolous and thus not taken in good faith, their motion to proceed without prepayment of fees on appeal and their notice to proceed without prepayment of fees on appeal (docs. 10, 13) are both **DENIED.**

**DONE** this the 27th day of December, 2006.

> **s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**